## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PHILIP GARLAND,        :
314 Pleasure Road        :
Lancaster, PA 17603       :
             :
GARLAND CONSTRUCTION, INC., and :
336 W. King Street        :
Lancaster, PA 17603       :
             :
WANDERING STREAMS, INC.,   :
336 W. King Street        :
Lancaster, PA 17603       :
             :
     Plaintiffs,      :
             : CIVIL ACTION
   vs.         : NO.
             :
U.S. DEPARTMENT OF HOUSING AND :
URBAN DEVELOPMENT,     :
451 7th Street S.W.        :
Washington, DC 20410      :
             :
ALPHONSO JACKSON, Secretary of the  :
U.S. Department of Housing and Urban  :
Development, and       :
451 7th Street S.W.        :
Washington, DC 20410      :
             :
MARGARITA MAISONET, Debarring Official :
for U.S. Department of Housing and Urban :
Development,        :
451 7th Street S.W.        :
Washington, DC 20410      :
             :
     Defendants.     :

## COMPLAINT

 Plaintiffs Philip Garland, Garland Construction, Inc., and Wandering Streams, Inc.

(collectively, "Plaintiffs") by this complaint, seek judicial review pursuant to the Administrative

Procedure Act, 5 U.S.C.A. § 702, *et seq.*, of a decision by the United States Department of

Housing and Urban Development ("HUD") debarring them and their affiliates from participation as a participant, principal, or contractor in procurement and non-procurement transactions with HUD for a period of six years.

## I.
## THE PARTIES

1.    Plaintiff Philip Garland is an adult individual whose business offices are located at 336 West King Street, Lancaster, PA 17603.  At all times relevant to this Complaint, Mr. Garland resided within Lancaster County, Pennsylvania.

2.    Plaintiff Garland Construction, Inc. ("GCI") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania and its main business office is located at 336 West King Street, Lancaster, PA 17603.

3.    Plaintiff Wandering Streams, Inc. ("WS") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania and its main business office is located at 336 West King Street, Lancaster, PA 17603.

4.    Defendant U.S. Department of Housing and Urban Development ("HUD") is an agency of the United States that has the power to debar and suspend individuals, corporations, and other entities from participation in federal procurement and non-procurement transactions. HUD's headquarters are located at 451 7th Street S.W., Washington, D.C., 20410.

5.    Defendant Alphonso Jackson is the Secretary of HUD and is charged by law with ultimate responsibility for decisions by HUD concerning the debarment of individuals, corporations, and other entities from participation in federal procurement and non-procurement transactions.

6.    Defendant Margarita Maisonet is a Debarring Official for HUD who rendered the decision to debar Plaintiffs in the present matter.

-2-

## II.
## JURISDICTION AND VENUE

7.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1361.

8.    Relief may be granted under the Administrative Procedure Act, 5 U.S.C. § 702, *et seq.*

9.    Venue is proper in the District of Columbia pursuant to the provisions of 28 U.S.C. § 1391. The agency decisions at issue in this matter were made or approved by HUD headquartered in Washington, D.C.

## III.
## RELEVANT FACTS

### A.    Factual Background

10.    Plaintiff Philip Garland is a land developer and former home builder who operates both GCI and WS in Lancaster, Pennsylvania.

11.    In March 2004, Mr. Garland, along with four other individuals, was indicted on twenty-seven (27) counts of making false statements to HUD in violation of 18 U.S.C. § 1010, five (5) counts of mail fraud in violation of 18 U.S.C. § 1341, and one (1) count of conspiracy to make false statements to HUD to obtain loans and commit mail fraud in violation of 18 U.S.C. § 371. As part of this Indictment, the government alleged that the amount of loss to HUD from foreclosures allegedly resulting from the charged crimes was approximately $1.1 million.

12.    After vigorously contesting the charges against him, in March 2005, the government and Mr. Garland entered into a plea agreement whereby he pled guilty to a single count, involving a conspiracy to submit three false statements to HUD in connection with a single loan transaction, and the government agreed to dismiss the remaining thirty-two (32) counts of the Indictment. Specifically, Mr. Garland's guilty plea related to the submission by a

GCI employee of gift letters to a lender falsely representing the source of the gift funds for the home buyer's down payment.

13.    The amount of loss to HUD purportedly caused by the eventual foreclosure of this single loan subject to the plea was approximately $57,000.

14.    As a result of his guilty plea and an agreed upon sentence between himself and the government, Mr. Garland was sentenced, *inter alia*, to eighteen (18) months imprisonment, three (3) years of supervised release and eighty (80) hours of community service. The remaining charges were dismissed at the time of sentencing. At the same time, Mr. Garland entered into a civil settlement agreement in which he agreed to pay a civil payment of $1.15 million, "a part of which payment … constitute[d] full restitution and a part of which . . . constitute[d] multiple damages and penalties under the False Claims Act.

15.    When he entered into the civil settlement agreement, Mr. Garland did not admit any civil liability or that the amount of loss alleged by the government could be established. Specifically, the civil settlement agreement stated: "Other than such admissions as [Mr. Garland] makes in connection with his entry of a plea of guilty pursuant to his plea agreement with the United States in the Criminal Action, [Mr. Garland and his companies] deny the remaining allegations of the United States as set forth herein."

B.    **The Debarment Proceedings**

16.    On April 10, 2006, GCI, WS, and Mr. Garland's former affiliate that is no longer conducting business, Garland Excavating, Inc., received notice of their proposed debarment and continued suspension (which initially began on October 27, 2004) from participation in procurement and non-procurement transactions with HUD, for an indefinite period of time.

17.    In response, Mr. Garland and his affiliates submitted a written opposition to the proposed indefinite debarment and requested that a hearing be provided.

18.    In their initial opposition and subsequent Memorandum in Opposition to the Proposed Indefinite Debarment, Plaintiffs conceded that Mr. Garland's criminal conviction was a cause for debarment, but opposed the indefinite period of debarment as punitive, rather than protective, given the existence of various mitigating factors – such as the changed focus of Mr. Garland's business, the removal of all of his co-defendants from his businesses, the narrow scope of his conviction, the payment of full restitution, and no history of prior wrongdoing.

19.    Based on these mitigating factors, Plaintiffs requested that any debarment that may be ordered be limited to the length of time from Mr. Garland's suspension from HUD transactions to December 31, 2006, which corresponded with the approximate date that Mr. Garland completed his incarceration related to his criminal conviction.

20.    Subsequently, Plaintiffs' request for a hearing was granted and, prior to that hearing, HUD submitted a brief in support of an indefinite debarment of Plaintiffs while Plaintiffs submitted a formal Memorandum in Opposition to the Proposed Indefinite Debarment.

21.    Based on the government's pre-hearing submission and prior to the commencement of the hearing, Plaintiffs had expressed a concern to the government's counsel and HUD, through Defendant Maisonet's Designee, that it appeared that HUD intended to rely on "facts" that were beyond the factual record and had not been proven by the government in any forum to support its proposed indefinite debarment.

22.    Plaintiffs contended that, if the government wanted to rely on these alleged "facts," it would need to present witnesses and other evidence during a fact-finding proceeding to prove those facts before they could be used as a basis for determining how long Plaintiffs should be debarred.  The government, however, chose not to engage in a fact-finding proceeding and claimed that the hearing was in the nature of an appellate proceeding with no evidentiary

component to it.

23.    Defendant Maisonet's Designee stated that he would need to determine whether there were any factual disputes and if so, he could recommend that an evidentiary hearing be held to resolve those factual disputes. No evidentiary hearing was recommended or held.

## C.    HUD's Decision to Debar Plaintiffs

24.    On August 25, 2006, Defendant Maisonet issued her determination (which was subsequently clarified on September 11, 2006) debarring Plaintiffs from federal procurement and non-procurement transactions for a period of six (6) years. *See* Debarring Official's Determination, attached hereto as Exhibit A; Determination Clarification, attached hereto as Exhibit B.

25.    It was evident from Defendant Maisonet's determination that she relied upon the proffered unproven allegations by the government in rendering her decision without conducting an evidentiary hearing to determine whether those allegations had any evidentiary support. These unproven allegations included, but are not limited to, the allegations that (1) Mr. Garland was criminally involved with more than one loan transaction; (2) Mr. Garland was involved in 101 fraudulent transactions; and (3) Mr. Garland caused $1.15 million in losses to HUD.

26.    In addition, Defendant Maisonet's determination contained factual errors that did not accurately state the record that had been presented.

27.    Pursuant to 24 CFR § 24.880(e), Plaintiffs requested that Defendant Maisonet reconsider her decision because it improperly went beyond the one, single transaction for with Mr. Garland had been convicted.

28.    After considering Plaintiffs' motion and the government's opposition thereto, Defendant Maisonet denied Plaintiffs' motion for reconsideration and reconfirmed HUD's decision to debar Plaintiffs for a period of six (6) years. *See* Denial of Motion for

Reconsideration, attached hereto as Exhibit C.

## IV.
## COUNT ONE – VIOLATION OF ADMINISTRATIVE PROCEDURE ACT

29.    The averments contained in paragraphs 1 through 28 are incorporated by reference as though fully set forth herein.

30.    While Plaintiffs conceded that Mr. Garland's criminal conviction is considered a sufficient cause for debarment pursuant to 24 C.F.R. § 24.800(a), the existence of a *cause* for debarment does not automatically *require* the imposition of a sanction; rather, all pertinent information must be assessed, including the seriousness of the acts or omissions at issue and any mitigating factors. 24 C.F.R. §§ 24.845(a), 24.860.

31.    Debarment is considered a "serious action" that only can be used by HUD to "protect the public interest," and not for the purpose of punishment. 24 C.F.R. § 24.125(c).

32.    Even when debarment is deemed appropriate, the period of debarment must be "based on the seriousness of the cause(s) upon which [a] debarment is based." 24 C.F.R. § 24.865(a).

33.    Where the cause for debarment is a criminal conviction, the regulations provide that the period of debarment "[g]enerally . . . should not exceed three years" unless circumstances warrant a longer period. *Id.*

34.    Moreover, when determining the period of debarment, "if a suspension has preceded [the] debarment, the debarring official must consider the time [an individual or entity] was suspended." 24 C.F.R. § 24.865(b).

35.    While a respondent normally will not have an additional opportunity to challenge the facts upon which a proposed debarment is based if the debarment is based upon a conviction (24 C.F.R. § 24.830), there is no regulation or other authority that denies a respondent the

opportunity to receive an evidentiary hearing to challenge unproven facts that may aggravate or mitigate the proposed length of a debarment period.

36.    HUD's failure to provide Plaintiffs with an evidentiary hearing to determine the validity of the unsupported factual allegations presented by the government in opposition to Plaintiffs was arbitrary, capricious, an abuse of discretion, and not in accordance with the law which is a violation of the Administrative Procedure Act, 5 U.S.C. § 702, *et seq.*

37.    The government and HUD relied on facts that were never proven and the reliance upon unsupported and unproven allegations beyond the factual record to support a decision to debar Plaintiffs for a period of six (6) years was arbitrary, capricious, an abuse of discretion, and not in accordance with the law, which is a violation of the Administrative Procedure Act, 5 U.S.C. § 702, *et seq.*

38.    HUD's use of the civil settlement and payment there under against Plaintiffs as a tacit admission of facts to support a decision to debar Plaintiffs for a period of six (6) years despite the plain language of the civil settlement agreement that it and any actions there under were not an admission of liability was arbitrary, capricious, an abuse of discretion, and not in accordance with the law, which is a violation of the Administrative Procedure Act, 5 U.S.C. § 702, *et seq.*

39.    The actual facts admitted by Mr. Garland demonstrate that HUD's decision to debar Plaintiffs for a period of six (6) years was excessive and punitive in nature and, thus, arbitrary, capricious, an abuse of discretion, and not in accordance with the law, which is a violation of the Administrative Procedure Act, 5 U.S.C. § 702, *et seq.*

40.    HUD's decision to debar Plaintiffs for a period of six (6) years constitutes is final agency action 5 U.S.C. § 704.

WHEREFORE, Plaintiffs respectfully request:

a.    The debarment of Plaintiffs be limited to be consistent with the facts proven or admitted by Plaintiffs.

b.    The Court review and reverse or remand Defendants' decision to debar Plaintiffs for a period of six (6) years from procurement and non-procurement transactions with HUD;

c.    The Court order Defendants to provide Plaintiffs with an evidentiary hearing to contest the allegations presented by the government that are beyond the factual record created through the court proceedings underlying Plaintiff Philip Garland's plea agreement; and

d.    Such other and further relief as the court deems proper.

## V.
## COUNT TWO – DENIAL OF RIGHT TO PROCEDURAL DUE PROCESS

41.    The averments contained in paragraphs 1 through 40 are incorporated by reference as though fully set forth herein.

42.    In its decision to debar Plaintiffs for six years, HUD relied on allegations that were unproven, unsupported, and beyond the factual record before it.

43.    HUD never conducted an evidentiary hearing or other proceeding to determine the facts underlying its decision to debar Plaintiffs for six years.

44.    Plaintiffs had both a property and liberty interest in their ability to enter contracts and conduct business with HUD.

45.    HUD's failure to provide an adequate opportunity to be heard upon constitutes a violation of Plaintiffs' right to procedural due process.

WHEREFORE, Plaintiffs respectfully request:

a.      The Court review and reverse or remand Defendants' decision to debar Plaintiffs for a period of six (6) years from procurement and non-procurement transactions with HUD;

b.      The Court order Defendants to provide Plaintiffs with an evidentiary hearing to contest the allegations presented by the government that are beyond the factual record created through the court proceedings underlying Plaintiff Philip Garland's plea agreement; and

c.      Such other and further relief as the court deems proper.

Respectfully submitted,

Date:   September 14, 2007

Ellen C. Brotman, Esquire
Montgomery, McCracken,
        Walker & Rhoads, LLP
123 South Broad Street
24th Floor
Philadelphia, PA  19109
(215) 772-1500

## **VERIFICATION**

I, Philip Garland, hereby verify that I am the individual Plaintiff and that I represent the corporate Plaintiffs in the foregoing action; that I have personal knowledge of the statements made in the foregoing Complaint; and I declare under penalty of perjury that the foregoing statements made in the Complaint are true and correct.

Dated: _May 10TH_, 2007

_____
Philip Garland

# EXHIBIT A



UNITED STATES OF AMERICA
DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
Washington, D.C.

|                                        |     |                          |
| -------------------------------------- | --- | ------------------------ |
| **In the Matter of:**                  | *   |                          |
|                                        | *   |                          |
|                                        | *   |                          |
| **PHILIP GARLAND,**                    | *   | DOCKET NO. **06-3355-DB**|
| **GARLAND CONSTRUCTION, INC.**         | *   | **06-3356-DB**           |
| **WANDERING STREAMS INC.**             | *   | **06-3357-DB**           |
|                                        | *   |                          |
|                                        | *   |                          |
| **Respondents**                        | *   |                          |
|                                        | *   |                          |

## DEBARRING OFFICIAL'S DETERMINATION

By Notices dated April 7, 2006 ("Notices"), Philip Garland, Garland Construction, Inc. and Wandering Streams Inc. ("Respondents"), were notified of their proposed indefinite debarment by the U.S. Department of Housing and Urban Development ("HUD"). A hearing in this matter was held on July 20, 2006 ("Hearing"). Mier Wolf, Debarring Official's Designee, presided at the Hearing.

I have decided, pursuant to 24 C.F.R. Part 24, to debar Respondents from future participation in procurement and non-procurement transactions, as a participant, principal, or contractor with HUD and throughout the Executive Branch of the Federal Government, for a period of six years from the date of issuance of this debarment. Respondents will be given credit for the 18 months they were suspended. Therefore, Respondents' debarments will end on December 24, 2010.

My decision is based on the administrative record in this matter, which includes the following information:

(1) The Notices, dated April 7, 2006,
(2) The appeal of the proposed debarment, filed by Respondents on May 9, 2006,
(3) The Government's Brief and Exhibits In Support Of An Indefinite Debarment, dated June 29, 2006, and
(4) The tape recording of the July 20, 2006, hearing.

The proposed indefinite debarment was based upon a criminal conviction of Respondents in U.S. District Court for the Eastern District of Pennsylvania for submitting false HUD-1

financial statements and among other things, misrepresenting home purchasers' income and the source of down payment funds for FHA financed single family housing units. Though Respondent Philip Garland pled guilty to fewer transactions, prosecutors alleged that Respondent Philip Garland was involved in 101 fraudulent transactions. Respondent Philip Garland paid full restitution and multiple claims under the False Claims Act for his wrongdoing, which amounted to $1,150,000.

Respondents appealed the action taken by HUD, as stated in the Notice. Respondent Philip Garland acknowledges his wrongdoing but claims an indefinite debarment for his wrongdoing is excessive given the time that has passed since he participated in the FHA program, his full restitution payment to HUD, and the reorganization of his company since the criminal acts occurred. Respondents seek that the debarring period be limited to the duration of Respondent Philip Garland's incarceration.

### Findings of Fact

1. Respondent Philip Garland was a real estate developer and builder who sold FHA single family financed units thereby making the HUD regulatory definition of a program participant apply to him.

2. Respondent Philip Garland was sentenced to 18 months in prison and 3 years of supervised release for the crimes he committed related to his company's fraudulent participation in FHA single-family home purchase transactions. The court ruled that Respondent Philip Garland knew that false information was being provided in FHA loan transactions including information on purchasers' income and the source of their down payments.

3. Respondent Philip Garland paid full restitution of $1,150,000, which included losses to HUD and False Claims Act claims against him.

4. Respondent Philip Garland's business has been converted to land development with no construction of housing which could qualify for FHA financing.

5. Garland Construction, Inc. and Wandering Streams Inc. are solely owned and directly controlled by Respondent Philip Garland and are therefore his affiliates.

6. Respondent Philip Garland has not participated in the FHA program since 2001.

### Conclusions

In view of the above findings of fact, I have made the following conclusions:

1. Respondent Philip Garland participated in the HUD FHA program as a developer and builder of FHA financed properties as defined in 24 C.F.R. § 24.105 and 24 C.F.R. §24.980.

2.  Respondent Philip Garland's participation in allowing the filing of false FHA information about purchaser information including their income and the source of their down payments causes serious questions about his honesty and integrity. I conclude that Respondent Philip Garland's actions were of so serious and compelling a nature that they constitute a basis for his debarment under 24 C.F.R. § 24.800 (a)(1),(3) and (4).

3.  Respondents Garland Construction, Inc. and Wandering Streams Inc. are affiliates of Respondent Philip Garland according to 24 C.F.R.§ 24.905 and therefore covered by HUD debarment and suspension regulations at 24 C.F.R. Part 24.

4.  Respondent Philip Garland acknowledges his wrongdoing in this matter and has made restitution of $1,150,000 for HUD losses and multiple False Claims Act claims.

5.  Respondent Philip Garland's business has been altered to involve land development instead of building FHA financed homes, which he did until 2001.

Based on the foregoing findings of fact, conclusions, and the administrative record, I have determined to debar Respondents for a six-year period commencing on the date of issuance of this determination. Since Respondents were suspended for 18 months, the duration of the debarment will be reduced accordingly and end on December 24, 2010.

_8- 25. 06_
Date

Margarita Maisonet
Debarring Official
Departmental Enforcement Center

## CERTIFICATE OF SERVICE

I hereby certify that on this ___25th___ day of August 2006, a true copy of the
DEBARRING OFFICIAL'S DETERMINATION was served in the manner indicated.

*For Tonya Patterson*

Tammie M. Parshall
Debarment Docket Clerk

**HAND-CARRIED**
Mier Wolf
Debarring Official's Designee

Stanley Field
Maura Malone
Dane Narode
Government Counsel

**FIRST CLASS MAIL**
Richard L. Scheff
Montgomery McCracken, Walker & Rhoads, LLP
123 Broad Street
Avenue of the Arts
Philadelphia, PA  19109

# EXHIBIT B

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
Washington, D.C.

| | |
|---|---|
| **In the Matter of:** | * |
| | * |
| **GARLAND, PHILIP** | *  **DOCKET NO. 06-3355-DB** |
| **GARLAND CONSTRUCTION, INC.** | *  **06-3356-DB** |
| **WANDERING STREAMS, INC.** | *  **06-3357-DB** |
| | * |
| **Respondents** | * |
| | * |

## DETERMINATION CLARIFICATION

The duration of the debarment in this matter is six years from the August 25, 2006 issuance of the determination.   Respondent was given credit for the eighteen months he had previously been suspended from participation in federal programs.   Though the Determination states that the debarment will end December 24, 2010, the proper end of debarment date is February 24, 2011.

9.11.06
Date

Margarita Maisonet
Debarring Official
Departmental Enforcement Center

## CERTIFICATE OF SERVICE

I hereby certify that on this __11th__ day of September 2006, a true copy of the Determination Clarification was served in the manner indicated.

*Tammie M. Parshall*
Tammie M. Parshall
Debarment Docket Clerk

**HAND-CARRIED**
Mier Wolf
Debarring Official's Designee

Stanley Field
Maura Malone
Dane Narode
Government Counsel

**FAX AND FIRST CLASS MAIL**

Richard L. Scheff, Esq.
Montgomery, McCracken, Walker & Rhoads, LLP
Attorneys At Law
123 South Broad Street
Avenue of the Arts
Philadelphia, PA   19109

FAX: 215-772-7620

# EXHIBIT C

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
Washington, D.C.

|  |  |  |
|---|---|---|
| **In the Matter of:** | * | |
| | * | |
| **GARLAND, PHILIP** | * | **DOCKET NO. 06-3355-DB** |
| **GARLAND CONSTRUCTION, INC.** | * | **06-3356-DB** |
| **WANDERING STREAMS, INC.** | * | **06-3357-DB** |
| | * | |
| **Respondents** | * | |
| | * | |

## DENIAL OF MOTION FOR RECONSIDERATION

Respondents seek reconsideration of the final determination in this case ruling that the Respondents be debarred for six years with 18 months credit for a previous suspension. They do not base their motion on the first four factors for reconsideration set forth at 24 CFR §24.880 related to newly discovered material evidence, a reversal of the conviction or civil judgment upon which the debarment was based, a bona fide change in ownership or management, or elimination of other causes for which the debarment was imposed. Instead, Respondents claim that the Debarring Official should invoke the fifth regulatory justification in which the Debarring Official finds other appropriate reasons for altering a determination.

They premise their argument on the Debarring Official's determination, which refers to fraudulent "transactions" which Respondents claim improperly goes beyond the one transaction for which Respondent Garland was convicted. Although the loss to HUD in the one fraudulent transaction to which Respondent Philip Garland admitted guilt was $57,000, Respondent Garland in a civil settlement agreement agreed to pay $1,150,000 of reimbursement for losses in HUD's FHA program and for potential multiple damages and penalties under the False Claims Act. He also agreed to 18 months of incarceration followed by 3 years of supervised release. These facts make it clear that a substantial duration of debarment to protect the Government is indicated here.

Respondents' motion for reconsideration is therefore DENIED.

_12-18-06_
Date

Margarita Maisonet
Debarring Official
Departmental Enforcement Center

## CERTIFICATE OF SERVICE

I hereby certify that on this _____20^{th}_____ day of December 2006, a true copy of the
Denial Of Motion For Reconsideration Order was served in the manner indicated.

*Tammie M. Parshall*

Tammie M. Parshall
Debarment Docket Clerk

**HAND-CARRIED**
Mier Wolf
Debarring Official's Designee

Stanley Field
Maura Malone
Dane Narode
Government Counsel

**FAX AND FIRST CLASS MAIL**

Richard L. Scheff, Esq.
Montgomery, McCracken, Walker & Rhoads, LLP
Attorneys At Law
123 South Broad Street
Avenue of the Arts
Philadelphia, PA   19109

FAX:  215-772-7620

CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I.(a) PLAINTIFFS

Philip Garland; Garland Construction, Inc.; and Wandering Streams, Inc.

## DEFENDANTS

U.S. Department of Housing and Urban Development; Alphonso Jackson, Secretary of HUD; and Margarita Maisonet, HUD Debarring Official

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___11001___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

○ 3 Federal Question
(U.S. Government Not a Party)

◉ 2 U.S. Government Defendant

○ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**       OR       ○ **F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $** _____   Check YES only if demanded in complaint   **JURY DEMAND:** YES ☐ NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 09/14/2007    SIGNATURE OF ATTORNEY OF RECORD  *Ellen C Bothne*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.