IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILIP GARLAND, <br> 314 Pleasure Road <br> Lancaster, PA 17603, <br><br> GARLAND CONSTRUCTION, INC., <br> 336 w. King Street <br> Lancaster, PA 17603, <br><br> WANDERING STREAMS, INC., <br> 336 W. King Street <br> Lancaster, PA 17603, <br><br>   Plaintiffs, <br><br>   v. <br><br> U.S. DEPARTMENT OF HOUSING & <br> URBAN DEVELOPMENT, <br> 451 7th Street, S.W. <br> Washington, D.C. 20410, <br><br> ALPHONSO JACKSON, Secretary, <br> U.S. DEPARTMENT OF HOUSING & <br> URBAN DEVELOPMENT, <br> 451 7th Street, S.W. <br> Washington, D.C. 20410, <br><br> MARGARITA MAISONET, <br> U.S. DEPARTMENT OF HOUSING & <br> URBAN DEVELOPMENT, <br> 451 7th Street, S.W. <br> Washington, D.C. 20410, <br><br>   Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil No.. 07-1641 (RWR) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**<u>ANSWER</u>**

Defendants the United States Department of Housing and Urban Development [HUD], Secretary of HUD Alphonso Jackson, and former Debarring Official Margarita Maisonet answer the allegations contained in the Complaint filed against them by the above-captioned Plaintiffs as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In response to the numbered paragraphs of the Complaint, defendants admit, deny or otherwise aver as follows:

### THE PARTIES

1. Admit.
2. Admit.
3. Admit.
4. Admit.
5. Admit.
6. Admit, except to aver that Margarita Maisonet is no longer employed by HUD, and is not the Debarring Official.

## JURISDICTION AND VENUE

7.  The allegation in paragraph 7 is a conclusion of law to which no response is required; to the extent that it may deemed to be an allegation of fact, it is denied.

8.  Deny, both as a matter of fact and as a matter of law.

9.  First sentence:  The allegation in this sentence is a conclusion of law to which no response is required; to the extent that it may deemed to be an allegation of fact, it is denied.  Second sentence:  Admit.

## RELEVANT FACTS

A.  Factual Background

10.  Admit that plaintiff was a former home builder. Defendants have no knowledge as to whether Plaintiff Philip Garland is a land developer or operates both CGI and WS in Lancaster, Pennsylvania.

11.  Admit, as to the violations listed, however, aver that Plaintiff Philip Garland was also charged with violating 18 U.S.C. § 2, Aiding and Abetting, in Counts 2-33.  Further, as to the Government's allegation of loss, this was limited by its time of computation, as of approximately January 1, 2004.

12.  Admit that the Plaintiff entered into a plea agreement by which he plead guilty to Count 1 of the indictment charging

him with conspiracy, among other things, to make false statements to HUD, in violation of 18 U.S.C. § 371, by causing to be submitted to the lender, an agent of HUD, false statements concerning the sale of 2042 Wyatt Circle, Dover, Pennsylvania, specifically:  a) a false statement to the lender about the source of gift funds; b) a false statement on a HUD-1 Settlement Statement;  and, c) a false statement on an Addendum to a HUD-1 Settlement Statement.  The Government denies it agreed to dismiss the remaining counts of the indictment in the Settlement Agreement.  The Government denies that, "Specifically, Mr. Garland's guilty plea related to the submission by a GCI employee of gift letters to a lender falsely representing the source of the gift funds for the home buyer's down payment."  Rather, the Plaintiff's guilty plea related to a conspiracy in which the Plaintiff sold a house for which he provided the purchaser's down payment investment using the artifice of a false gift letter from the purchaser's family member.

    13.  Admit.

    14.  Admit as to criminal sentence.  Admit that counts 2-59 were dismissed.  Admit that a separate civil settlement agreement was entered into, however, as noted in the Settlement Agreement, this civil settlement agreement was a term of the Guilty Plea

Agreement and its purpose was to address the restitution due HUD from the Plaintiff.  As stated in the Settlement Agreement,  "The parties acknowledge that HUD was a victim of the conspiracy <u>charged</u> in this case, that HUD has indemnified and made whole <u>all other victims in this case</u> and that therefore no restitution order is appropriate." (emphasis added).

    15.  Deny the first sentence.  Admit the second sentence.

    B.  <u>The Debarment Proceedings</u>

    16.  Admit that HUD mailed out Notices of Proposed Debarment on GCI, WS, and Philip Garland.

    17.  Admit.

    18.  Admit.

    19.  Admit.

    20.  Admit.

    21.- 22.  Admit that conversations occurred between Plaintiffs and counsel for HUD but deny Plaintiffs' characterization as to the contents of those conversations.

    23.  Admit.

    C.  <u>HUD's Decision to Debar Plaintiffs</u>

    24.  Admit.

    25.  Deny.

    26.  Deny.

27. Admit.

28. Admit.

## Count 1

29. Defendants incorporate their responses to the allegations contained in paragraphs 1 through 28 of the Complaint in response to paragraph 29.

30. The allegations in paragraphs 30-35 are conclusions of law to which no response is required; to the extent that they may deemed to be allegations of fact, they are denied.

36.- 39. Deny.

40. The allegation in paragraph 40 is a conclusion of law to which no response is required; to the extent that it may deemed to be an allegation of fact, it is denied.

Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## Count II

41. Defendants incorporate their responses to the allegations contained in paragraphs 1 through 40 of the Complaint in response to paragraph 41.

42. Deny.

43. Admit.

44. - 45.  The allegations in paragraphs 44 and 45 are conclusions of law to which no response is required; to the extent that they may deemed to be allegations of fact, they are denied.  Defendants further deny that HUD failed to provide Plaintiffs with an adequate opportunity to be heard.

Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

Except to the extent expressly admitted or qualified above, defendants deny each and every allegation in the Complaint.

                    Respectfully submitted,

                        /s/
                JEFFREY A. TAYLOR, D.C. BAR # 498610
                United States Attorney

                        /s/
                RUDOLPH CONTRERAS, D.C. BAR # 434122
                Assistant United States Attorney

                        /s/
                MARINA UTGOFF BRASWELL, D.C. BAR #416587
                Assistant United States Attorney
                U.S. Attorney's Office
                555 4th Street, N.W. - Civil Division
                Washington, D.C. 20530
                (202) 514-7226